and Ms. Gassman, you're back. Good morning again. May it please the court, Kayla Gassman for the appellant Truman Gentry. The District Court plainly erred in this case when it imposed a $10,000 financial penalty on Mr. Gentry without considering his ability to pay that amount on top of the $9,000 in additional fees. Everything in the record showed that Mr. Gentry is indigent and does not have the ability to pay an additional $10,000, and the District Court imposed a 60-year prison sentence at the same time that erases Mr. Gentry's future earning capacity. Because the District Court imposed a $10,000 assessment without considering Mr. Gentry's ability to pay it, we ask this court to vacate that assessment and remand for the District Court to redetermine the assessment under the correct factors. So is it your position that under 35, to properly conduct a 3572 analysis that the court has to specifically address all of the factors? No, I think the case law is clear that as a general rule, courts don't have to consider every factor on the record. What makes this case different, and I think this is what this court's decision and vigil says expressly, is that where all of the undisputed record evidence shows that the defendant does not have the ability to pay a fine, and the District Court imposes one, then the record should contain enough to show that the District Court considered ability to pay, and that there's some basis for the court's conclusion that the defendant can pay the amount imposed. So is it your position that if the District Court makes a finding that the defendant doesn't have the ability to pay, or has diminished earning capacity such that it would be an extreme hardship to pay, that they can't impose the fine? I think it's hard to answer that in a per se way, because I think it's always going to depend on the record, the District Court's reasons that it gives, what it says about the factors. I think what is missing in this case, and what's problematic in this case, is that there is no consideration of ability to pay. I mean, the District Court, in the sentencing colloquy, does recognize an inability to pay by this defendant. With respect to other financial penalties? And that's sort of what I was talking about trying to get at earlier. So your position is, so the District Court would have to, even though they've already made a finding that the person's unable to pay, in the context of another fine, a special penalty assessment, something like that, then they would again have to make the finding in the context of the $10,000 fine he imposed. I think that's correct. I think that's what VIGIL requires. And in particular, why that's necessary here is because there's no evidence that Mr. Gentry can pay this amount. Well, I mean, he made a finding that he didn't have the ability to pay. Correct. I mean, in general. I mean, in general, I think what VIGIL stands for is we don't impose financial penalties on people who have no ability in now or in the future to pay them. And so the statute says, the rule that I read from VIGIL is the statute says the court has to consider certain factors. The law generally is that the court doesn't have to consider every single factor on the record. But when the court doesn't do that, then we look to the record to see if the basis for the decision is supported or if the basis for that decision is apparent. And where it isn't, then I think we infer the district court didn't consider what it should consider. Well, I guess what's concerning to me is that these things aren't done in a vacuum. They're all done at once. They're all done in the same hearing. And when the court's laying down the sentence, they don't say, OK, we're going to make a restitution award, and then we're going to come back in a few days, and I'll issue another order on whether we're going to have any fines or a special penalty assessment. It's all done at once. And we look at things under 3572, the defendant's income, earning capacity, and financial resources. I mean, the district court made a finding about that. In the context of the whole hearing, they have to consider the burden that the fine will impose on the defendant. I mean, I guess there may be not any evidence of that. Whether there's any pecuniary loss inflicted upon others, whether restitution is ordered. He ordered restitution in this case. And there are other things. But he also went on and he recognized, I think, that he could have imposed a fine of up to $160,000 or something, but instead he imposed a fine of $10,000. So it seems to me that when you look at the circumstances as a whole, that he probably did enough to satisfy this. So let me try to clear this up, because my argument is not just that the district court has to, in a semantic way, consider the 3572 factors. The district court's consideration how those factors impact the court's decision has to be apparent from the record. And specifically, what Vigil says is that when the court imposes a fine, when the record evidence is that there's no ability to pay it, then the record should contain some basis for the court's conclusion that he can pay that amount. Well, how about this? I mean, you would agree that he didn't knock the fine down on a per count basis or a per victim basis from approximately $40,000 to $2,500 per due to him thinking there was a lack of culpability. Well, I actually think that's, I don't know that I would necessarily agree with that, because what the court says, the court's discussion of why it's imposing the $2,500 per count for this assessment is about unidentified victims and the fact that there are some unidentified victims. And I think the number of unidentified victims is maybe a little unclear. But so the court's saying there's some unidentified victims. Sometimes we don't have that in child pornography cases. And sometimes, here, we did have that. So that's what district courts read. So it's almost like a substitute for restitution for unidentified victims. But there wasn't a massive number of those. I mean, I think they were discussing somewhere between maybe two and nine. And so the court's imposition of that fine could be tied to the number of unidentified victims. It's not necessarily a recognition that Mr. Gentry can pay or a finding that Mr. Gentry could pay $10,000, that that was the basis for reducing it from $167,000 to $10,000. I mean, he presumably could believe that it would take him 60 years with his meager prison salary to pay it. I mean, he could have said that. I don't even think that's accurate. I mean, someone in prison earns $0.12 an hour if they're lucky enough to work. That's less than $5 for every 40 hours of work. I think if the district court was basing the decision on future earning capability, then this court's case law says the district court needs to say that and needs to specify that. And he didn't here. And the PSRs expressly stated that Mr. Gentry didn't have the ability to pay a fine now or in the future. And I think the district court's other findings only show that Mr. Gentry can't pay $10,000, which, by the way, doubled the restitution. The restitution was $9,000. So this additional $10,000 more than doubles that. But when the district court actually did consider ability to pay with respect to a punitive fine to the United States, with respect to a separate $5,000 Justice for Victims of Trafficking Act assessment, the court found that he was indigent and waived it. So when the court actually did consider Mr. Gentry's ability to pay a financial penalty, the court did not impose those penalties. So I think the flip side of that, this imposing the $10,000 on this assessment, shows that the district court was not considering Mr. Gentry's ability to pay that amount as it's required to do by this court's precedent. Why can't we take judicial notice of his future earning capacity in prison? I mean, I don't see how a PSR would really inform us one way or another on that. Well, I think this court's decision in vigil is very clear that if the district court's going to rely on future earning capability, that it's the district court that needs to make that finding. There may be facts that could have been proven or could have been discussed about what's the average workload. I mean, someone in prison generally doesn't work 40 hours. They have other programming. They have other things going on. So I don't think that there's sufficient facts about that for this court to take judicial notice specifically of what that capacity would be. And again, this court's case law is clear that if the district court is relying on future earning capacity when a defendant is indigent, then the court should say that. And the district court, the sentencing court, needs to say that. Now, we are here on plain error review, but all of the problems of plain error are met, as we set forth in our briefs. This error is plain for at least two reasons. First, the statute is very clear. The statute expressly requires that the district court consider the 3553A sentencing factors and the 3572 factors applicable to fines when assessing the amount of this assessment. And this court's case law also makes the error plain. Vigil and the case that Vigil cites foot are both very clear that when all of the undisputed record evidence shows that the defendant does not have the ability to pay a financial penalty and the court imposes one, then the record needs to reflect the basis for the court's conclusion that the defendant can pay that amount. And that is missing here. And as to substantial rights, again, I think I would just turn back to the record evidence that all of the undisputed record evidence showed an inability to pay, showed that Mr. Gentry is indigent. And when the court actually did consider ability to pay with respect to other financial penalties, it did not impose one, which showed that had the court correctly considered the appropriate factors, it would have at least imposed a lesser amount. So what's the harm if the court imposes a fine on somebody who can't pay it and therefore never does pay it? Well, so particularly for somebody in prison, who's going to be in prison, possibly certainly for the bulk of the rest of his life, possibly for the entirety of the rest of his life. I mean, he's subject to garnishment of any wages that he earns in prison if there are financial penalties outstanding. If he ever does get out, these financial penalties are part of supervision. Again, subject to really just a litany of possible civil remedies for the government to recoup financial penalties that somebody owes. I mean, but all those would presume some ability to pay. I mean, that's true. But it still is. It just hangs out there. And it's always subject to garnishment. I guess it's possible that some circumstances change in the future. I mean, certainly what we're looking at now is Mr. Gentry's ability to pay now. And what the district court should have been looking at is his ability to pay now and in the future based on what the district court knows about him, what's in the record, and this prison sentence that the district court is imposing. But there was, I mean, other than what was in the PSR, there was no evidence as to his ability to pay that was put into the record, right? Yeah, let me answer this. And then I want to reserve the remainder of my time. So there really was no need for additional evidence because the district court established that he has no income. He's in debt. He has no ability to pay a fine now or in the future. And the district court sentenced him to a 60-year prison term, which erases his future earning capacity. So this court's case law is clear that the PSR can establish an ability to pay, and that was true here. I mean, it seems to me that this being here on plain air, that that's sort of all problematic. Because if there was an objection, the district court could have either said, oh, you're right, he can't pay it. I'm not going to impose that fine. Or he could have articulated his reason for why he believed the fine was appropriate. I mean, I hear that. And it seems to me that that's especially a problem here where you're having to prove some type of harm. So I think the answer to that is two parts, which is, again, I would just point to the record evidence. Show all that was undisputed, showing inability to pay. And the fact that when the district court did consider ability to pay, he did not impose financial penalties. And as well as the remedy here is it's a remand for reconsideration. It's a remand for the district court to consider the correct factors and to reassess the appropriate amount. So if the court can support that amount, then the court can reimpose it. So, again, the remedy is pretty limited. Do we have an invited error problem here? I don't see how we could. I mean, obviously, the government hasn't raised that invited error. The error has to come from the defendant. Certainly, we never requested the court to impose this financial penalty on Mr. Gentry. All we did was fail to object, which is classic plain error. Thank you, counsel. Welcome back. Yes, Your Honor. Good morning again. May it please the court. Carrie Capple for the government. Here, the district court did not plainly err in imposing a $10,000 assessment under 18 U.S.C. 2259A. Why not? Because the guy had no money. The district court found that he had no money. And he imposed a $10,000 fine that the guy could never repay. Well, Your Honor, here, the repellent's claim is that the court failed to consider the 3572 factors. And on the record, that's clearly not so. And I do want to point out, in the reply brief, the appellant makes clear, it's on page 11, the error is not a failure to explain. It's a failure to consider the required 3572 factors. So that is the issue here. Okay, so your position would be is that despite what was said, as briefed, they said he didn't consider it. And that's incorrect. Not that he was, it must be reversed because it was clear there was no ability to pay and he ordered the fine anyway. Right, there's no challenge to the substantive reasonableness of the fine. That's not at issue here. There's also no issue about failing to explain. Appellant made that clear in their reply brief. It's simply whether the defendant considered or not the 3572 factors. And the court made clear at sentencing in the transcript, it's page 48 of the sentencing transcript, that he must consider 3553A and 3572 in deciding whether to impose an assessment under 2259A. So it's plain on the record. The district court states, knows that he must consider those factors. We take this all in context. The district court stated at sentencing he realized the defendant had a current inability to pay, found him to be indigent. That is why he didn't impose any other fines. The district court recognized that restitution was going to be due because the district court imposed a $9,000 restitution payment and then imposed a $10,000, which was far less than what the district court could have imposed under 2259A. To ensure that any unidentified victims, were they to come forward, that there would be some monies available to them to recoup. So the district court, it was not plain error. There was no error here whatsoever. It clearly was not a plain error. The district court took into account factors it needed to take into account and imposed that $10,000 fine. Moreover, there would be, potentially in the future, the ability for this defendant to pay part of the fine. Certainly first to pay the restitution, then to pay this assessment. But doesn't Vigil tell us that the court has to at least say that? I'm sorry, Your Honor. Doesn't Vigil say that the court at least has to explain that, in its view, that the defendant will have a future capacity to pay the assessment, whether it's through prison income or some other fashion? Well, I think you're given the 60-year sentence that any income was going to come from the time that the defendant was incarcerated. And I think... But don't our cases say the court has to say that? It certainly would have been helpful, Your Honor, but it's not outside the possibility that this defendant could earn money, whether it's through inheritance, whether it's through other gifts from family members while he's incarcerated, putting money into his account. So it's not beyond the realm of possibility that this defendant, even though presently at the time of sentencing was considered indigent by the court, that he could not at a later date be able to pay some of the restitution and some of these assessments. But certainly, coming back to did the court consider 3572 factors, the answer is yes. And certainly... What do we do if we agree that he considered the factors and he said, okay, you're indigent, I'm considering the factors, you can't pay, I don't care, I'm going to make you pay restitution anyway. Is that permissible? That is, Your Honor. There's no other claim here on appeal challenging that fine. So at the time of the sentence, the defendant could have objected then, as Judge Carson pointed out, and said, wait a second, you recognize that I currently am indigent, how am I going to be able to pay this fine? And then a record could have been developed with either a further explanation, perhaps a change in the amount of the assessment or no assessment. But here, there was no challenge at the time to the explanation given or the amount of the fine. And then on appeal, we're not looking at a challenge to the substantive reasonableness of the fine. It's just whether the district court considered the factors that he was required to consider. And the record makes it clear that he did. Here on plain error review, there's no error and it's certainly not a plain error. Unless the court has any questions, I'd like to rest on my briefs and ask the court to affirm. Thank you, counsel. I really just want to make one point, which with respect to arguments about that we should have raised a different issue, failure to explain or failure to support the ultimate amount. All of this is subsumed by, I guess, maybe I'm mispronouncing it. I call it Vigil. We have raised that the district court failed to follow this court's guidance in controlling case law in Vigil or Vigil. Because in that case, the court made very clear that where the undisputed record evidence shows an inability to pay a financial penalty and the district court imposes one, then the record must reflect the basis for the court's conclusion that the defendant can pay that amount and that the court can consider the ability to pay in making that assessment. And here, that is the plain error in this case. That's what the court said. So it subsumes these issues of failure to explain and failure to support the ultimate amount within that case. And so that's the error that we've raised. And this court's controlling case law makes the error plain. Because, again, all the undisputed record evidence shows only that Mr. Gentry did not have the ability to pay and will not have the ability to pay an additional $10,000 on top of the $9,000 in restitution. So with that, we would ask this court to vacate the financial penalty and remand for reassessment under the correct factors. So the New Mexican in me cannot let the record go uncorrected. It's Vigil. I was right? Yes. It's Vigil. I took Spanish in sixth grade. Understood. I must take the opportunity to educate Kansans. Thank you, Counsel. Yes. Appreciate the argument. You're both excused. The case is submitted. The court will be in recess until 8.30 tomorrow. Thank you. Thanks, everyone. Thank you. You guys have to go on the scenes. It was not my fault. I know.